The opinion of the Court was delivered by
Withers, J.
The defendant, DeHay, being the holder and payee of a note under seal, sold the same to the plaintiff, Tryon, at a discount of ten cents on the dollar, and wrote his name on the back of the instrument. At the trial, there appeared above DcHay’s signature, in the handwriting of another, words which imported an assignment and guaranty of payment. Conflicting evidence was adduced upon a question of fact., whether DeHay subscribed such endorsement previously written, or whether it was written subsequently and without his knowledge and consent. That question was submitted to a jury, and their response was to the effect that DeHay had merely written his name upon the back of the paper without more. The question for this Court is, whether the endorsement by DeHay of his name imported, in legal effect, a guaranty as well as an assignment of the sealed note, or single bill.
There is no doubt that, according to the course of our decisions, one may contract a liability by endorsing his name upon unnegotiable paper ; that is to. say, upon paper not negotiable according to the law merchant. He may become so as maker, as guarantor, or as drawer of a bill of exchange, wherever the evidence establishes that he intended to contract liability in one or other form. The cases need not be cited, for they are familiar to the profession. But from the time of Parker and Kennedy (1 Bay, 398) to the present, we know of no case of a bare endorsement of obligee or payee of his name, upon such instruments as are within the purview of the Act of 1798, that has been adjudged to authorize the legal inference of more than the transfer of the interest in laiv to an assignee — so that he should be empowered to collect, by action as assignee, and to acquit the debtor, by virtue of the said Act of 1798. Considering that legislation was deemed necessary to enable an as-signee to sue in his own name as such ; and where the payee has done no more than to endorse his name on a note under seal, it seems quite reasonable to refer the interpretation of the act to that law. If a third person should connect his name with such a paper. — one who was not a party originally — we *14 should naturally attribute to such act a design to assume liability, in some form, where a proper .consideration appeared, because a mere nugatory act would not be readily presumed, and that of assignment could not be, unless some previous transfer to him had made him capable of becoming assignor.
DeHay’s act, as it has been fixed and defined by the jury, imports, in legal contemplation, no more than an assignment, and hence he is not liable to respond to the plaintiff as guarantor, or otherwise ; and, therefore, the molion is refused.
O’Neall, Wardlaw, Whitner and Glover, JJ., concurred.

Motion refused.